1
2
3
4
5
6
7
8                       **UNITED STATES DISTRICT COURT**
9                       **EASTERN DISTRICT OF CALIFORNIA**
10

11   LARRY WILLIAM CORTINAS,              )   Case No.: 1:13-cv-01229-SAB (PC)
                                          )
12                  Plaintiff,            )
                                          )   ORDER PROVIDING DEFENDANT LAFLEUR
13          v.                            )   WITH THE OPPORTUNITY TO SHOW GOOD
                                          )   CAUSE FOR FAILING TO WAIVE SERVICE
14   CONNIE GIPSON, et al.,               )
                                          )
15                  Defendants.           )
                                          )
16   _____ )

17          Plaintiff Larry William Cortinas is appearing pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the

19   jurisdiction of the United States Magistrate Judge on August 19, 2013.  Local Rule 302.

20          On May 6, 2014, the Court ordered the United States Marshal to serve process upon the

21   defendants in this case.  The Marshal was directed to attempt to secure a waiver of service before

22   attempting personal service on the defendants.  If a waiver of service was not returned by a defendant

23   within sixty days, the Marshal was directed to effect personal service on the defendant in accordance

24   with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without

25   prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver

26   of service and with evidence of all costs subsequently incurred in effecting personal service.

27          On August 1, 2014, the United States Marshal filed a return of service with a USM-285 form

28   showing charges of $138.96 for effecting personal service on Defendant N. LaFleur.  The form shows

                                           1

that a waiver form was mailed to LaFleur on May 13, 2014, and that no response was received. Defendant LaFleur did not make an appearance in the case before personal service was executed.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1).  "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ." Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant LaFleur was given the opportunity required by Rule 4(d)(1) to waive service, but failed to comply with the request.  The Court shall provide Defendant with the opportunity to show good cause for failing to waive service.  If Defendant either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting serviced shall be imposed on Defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant LaFleur may, within thirty (30) days from the date of this order, show good cause for failing to waive service; and

2. If Defendant either fails to respond to this order or responds but fails to show good cause, the Court shall impose upon Defendant LaFleur on the costs incurred in effecting service.

IT IS SO ORDERED.

Dated:   **August 4, 2014**

UNITED STATES MAGISTRATE JUDGE

2