**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY WILLIAM CORTINAS, | ) Case No.: 1:13-cv-01229-AWI-SAB (PC) |
| Plaintiff, | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
| v. | ) REGARDING DEFENDANTS' MOTION FOR |
| | ) SUMMARY JUDGMENT |
| CONNIE GIPSON, et al., | ) |
| | ) [ECF No. 28] |
| Defendants. | ) |
| | ) |

Plaintiff Larry William Cortinas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

This action is proceeding against Defendant Portillo for excessive force, and against Defendants S. Johnson, La Fleur, Moreno, Kerber, and A. Johnson for failure to protect and intervene in violation of the Eighth Amendment.[1]

On August 8, 2014, Defendants S. Johnson, A. Johnson, Moreno, and Portillo filed a motion for summary judgment based on Plaintiff's failure to exhaust the administrative remedies.

Plaintiff filed an opposition to Defendants' motion on September 17, 2014.

---

[1] Defendant La Fleur was named incorrectly as Fleur by Plaintiff in his complaint.

1

On October 2, 2014, Defendant Kerber joined in Defendants' motion for summary judgment filed August 8, 2014, and filed a separate notice pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), statement of facts, memorandum of points and authorities, and request for judicial notice.[2] (ECF Nos. 44, 45, 46.)

On October 8, 2014, Defendant La Fleur joined in Defendants' motion for summary judgment filed August 8, 2014.

On October 8, 2014, Defendants A. Johnson, S. Johnson, Moreno, and Portillo filed a reply to Plaintiff's opposition.  (ECF No. 49.)

On October 17, 2014, Defendant Kerber joined in Defendants' reply field October 8, 2014. (ECF No. 50.)

## II.

## DISCUSSION

### A.      Motion for Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks omitted); <u>Washington Mutual Inc. v. U.S.</u>, 636 F.3d 1207, 1216 (9th Cir. 2011).   Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); <u>Carmen v. San Francisco Unified School Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001); <u>accord</u> <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1017 (9th Cir. 2010).

---

[2] Defendant Kerber's request to take judicial notice of the filing of Defendants S. Johnson, A. Johnson, Moreno, and Portillo's motion for summary judgment, including the notice of motion, memorandum of points and authorities, statement of undisputed facts, declaration of R. Briggs, and declaration of D. Goree is GRANTED, pursuant to Rule 201 of the Federal Rules of Evidence. (ECF No. 28.)

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial."  In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence."  Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

However, in judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

### B.   Exhaustion under the Prisoner Litigation Reform Act

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

///

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies is subject to a motion for summary judgment in which the Court may look beyond the pleadings.  Albino, 747 F.3d at 1170.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).  Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level.  Tit. 15, § 3084.5.  In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.  On January 28, 2011, the inmate appeals process was modified and limited to three level of review with provisions allowing the first level to be bypassed under specific circumstances.  Cal. Code Regs. tit. 15, § 3084.7.

### C.    Allegations of Complaint

On January 25, 2012, at approximately 10:30 a.m., in the classification committee room, Plaintiff was in full restraints and prone on the floor securely held by Sergeant Johnson and officers Kerber.  Officer Portillo lifted Plaintiff's head by his hair and beard, then kneed him in the left shoulder area.  Plaintiff was bound and smashed in the left side of his face into the floor.  Plaintiff lost count after the third time.  As a result of the force, Plaintiff suffered a black eye, a cut above his eye, ringing in his ears for two days, and dizziness.  Plaintiff was punched in his lower back and upper legs and his knees were grinded into the floor, resulting in skin removal, blood and scars.  This action occurred while Deputy Warden S. Johnson looked Plaintiff in the eyes.  Mental health nurse La Fleur,

Moreno, Kerber, and A. Johnson all witnessed the event.  Plaintiff was placed in a holding cell in full restraints by officers Portillo and Kerber, where he remained for five hours.  Officer Portillo called Plaintiff a Muslim piece of shit as he pounded his head into the floor.

    **D.**      **Statement of Undisputed Facts[3]**

    1.     Plaintiff is a state prisoner incarcerated within the California Department of Corrections and Rehabilitation (CDCR).

    2.     On February 24, 2012, Plaintiff filed administrative appeal log number COR-12-01100. The appeal form lists its subject as "Staff Assault" on January 25, 2012.  The appeal states that on January 25, 2012, while Plaintiff was restrained in a prone position, Defendant Portillo held him by the hair and beard and struck his head to the ground three times.  The appeal states that Plaintiff suffered bruising and bleeding above his left eye and bloody knees.  The appeal states that he was then placed in a holding cell restrained by a triangle bar for five hours.

    3.     Plaintiff's appeal number COR-12-01100 was characterized as a "Staff Complaint," bypassed the first level of review, and was sent to the second level.  Plaintiff's appeal was then cancelled in a decision by the second level of review dated April 19, 2012, due to Plaintiff's failure to cooperate with the investigation.  There is no indication that Plaintiff appealed the cancellation of appeal number COR-12-01100.

    4.     Plaintiff submitted appeal number COR-12-01100 to the third level of review.

    5.     The initial complaint in this action was filed on August 7, 2013.

    **E.**      **Exhaustion of Administrative Remedies as to Claims in First Amended Complaint**

    1.     <u>Availability of Administrative Remedy to Plaintiff</u>

---

[3] Although Plaintiff filed an opposition, he neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed.  Local Rule 56-260(b).  Therefore, Defendant's statement of undisputed facts is accepted except where brought into dispute by plaintiff's verified complaint and opposition.  <u>Jones v. Blanas</u>, 393 F.3d 918, 923 (9th Cir. 2004) (verified complaint may be used as an opposing affidavit if it is based on pleader's personal knowledge of specific facts which are admissible in evidence); <u>Johnson v. Meltzer</u>, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

At the relevant times to this dispute, Plaintiff has been an inmate at the California Department of Corrections and Rehabilitation (CDCR). Plaintiff was aware of and utilized the inmate appeals process. Indeed, Plaintiff had knowledge of the appeals process based on his filing of 26 appeals which were accepted for review at the Third Level. (Declaration of R. Briggs (Briggs Decl.), Ex. A, at 5-7, ECF No. 28-3.) Thus, there is no dispute that Plaintiff was aware of and utilized the administrative remedy process available to him. Albino v. Baca, 747 F.3d at 1173-1176.

      2.    Plaintiff Failed to Properly Exhaust the Administrative Remedies

Defendants submit evidence that California State Prison – Corcoran Appeals Coordinator received Plaintiff's appeal describing the incident on March 28, 2012, and assigned it CSPC-5-12-01100. (Declaration of A. Goree (Goree Decl.), at ¶ 5, ECF No. 28-4). The first level of review was bypassed. (Id. at ¶ 6.) D.B. Hernandez attempted to interview Plaintiff about his appeal on March 26, 2012, but Plaintiff refused to exit his cell to be interviewed. (Id.) Plaintiff's appeal was thereafter cancelled at the second level of review under California Code of Regulations, Title 15, Section 3084.6(c)(8). Plaintiff then appealed to the third level of review. (Briggs Decl., at ¶¶ 6, 7, 8.) Plaintiff's appeal was rejected at the third level of review because he failed to properly complete the lower levels of review. (Id.)

An inmate appeal may be cancelled if the inmate "refuses to be interviewed or to cooperate with the reviewer." Cal. Code Regs. tit. 15, § 3084.6(c)(8). A cancellation decision does not exhaust administrative remedies. Id. § 3084.1(b). An inmate can appeal that cancellation decision separately by appealing the application of § 3084.6(c) to his appeal; if he prevails on that separate appeal, the cancelled appeal later can be considered at the discretion of the appeals coordinator or the third level appeals chief. Id. § 3084.6(a)(3) and § 3084.6(e). A cancellation or rejection decision does not exhaust administrative remedies. Id. § 3084.1(b).

Defendants submit evidence that despite being advised that his appeal number CSPC-5-12-1100 had been rejected, he was informed that, although he could not resubmit this appeal, he could file a separate appeal concerning the cancellation, and his original appeal could then be resubmitted if the appeal on the cancellation was granted. (Briggs Decl., at ¶ 5) Plaintiff did not appeal the cancellation

and receive the necessary third level decision on his inmate appeal because it was cancelled at the second level due to Plaintiff's failure to interview on March 26, 2012.  (Id. at ¶¶ 6, 7)

Once Defendants meet their initial burden, the burden shifts to Plaintiff to come forward with evidence showing that something in his particular case made the existing administrative remedies effectively unavailable to him.  Albino, 747 F.3d at 1172.  Plaintiff attempts to meet his burden by claiming that appeal, Log Number CSPC-5-12-1100, was rejected at the Third Level of review, and attaches Exhibit A, in support of his argument.

Plaintiff's appeal, Log Number CSPC-5-12-1100 (Inmate Appeal Board (IAB) No. 1113601), was initially accepted at the third level of review, but it was subsequently rejected because Plaintiff refused to participate in an interview at the second level of review and the appeal was cancelled. (Declaration of D. Foston (Foston Decl.), at ¶ 3, ECF No. 49-1.)  Plaintiff was notified in writing on July 30, 2012, that the appeal had been rejected.  (Id. at ¶ 4.)

Plaintiff's argument that his appeal was denied at the third level and therefore it was exhausted, simply overlooks the evidence to the contrary.  Even assuming the validity of Plaintiff's inmate appeal attached as Exhibit A to his opposition, which indicates in section G that the appeal had been accepted and denied at the third level of review, the denial specifically stated "See attached Third Level response."  (Opp'n, Exs. A & B, ECF No. 39.)  Plaintiff does not dispute the fact that he was provided a copy of the letter, dated July 30, 2012, which specifically stated, in relevant part:

> Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(15).  You have submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review.
>
> Your appeal was cancelled at the Second Level of Review due to lack of cooperation. Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted.  However, a separate appeal can be filed on the cancellation decision.  The original appeal may only be resubmitted if the appeal on the cancellation is granted.

(Reply, Ex. B, ECF No. 49.)

No reasonable trier of fact could find that prison officials cancelled Plaintiff's inmate appeal for reasons inconsistent with or unsupported by the applicable regulations.  Although Plaintiff contends he did not refuse to be interviewed, Plaintiff presents no competent evidence to support such claim, and

the undisputed evidence demonstrates otherwise.  Indeed, Plaintiff's claim is belied by the simple fact that despite being advised of the ability to appeal the cancellation decision, he failed to do so.  The cancellation of Plaintiff's inmate appeal was not improper, and the subsequent rejection of the appeal at the third level based on the earlier cancellation was not improper.[4]  Furthermore, Plaintiff's contention that he was interviewed in January and February of 2012, is immaterial, as such dates precede the assignment of his second level appeal in March 2012, and request for an interview thereafter.

**III.**

**RECOMMENDATION**

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1.      Defendants' motion for summary judgment be GRANTED; and

2.      The instant complaint be DISMISSED, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

//

//

//

//

---

[4] The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."  Woodford v. Ngo, 548 U.S. 81, 95 (2006).  The prison grievance system provides "[a]t least one face-to-face interview shall be conducted with the appellant at the … second level if the first level of review is bypassed[.]"  Cal. Code Regs. tit. 15, § 3084.7(e).  Prison officials are not given a "fair opportunity to consider the grievance" when the inmate refuses to be interviewed.  Id.  Without an interview, reviewing officials would be limited to the inmate's written description of the problem on the appeal form, and reviewing officials would not be able to test the trust of the claim by asking questions, delving into the claimant's story, and observing the claimant's demeanor.  (Goree Decl., ¶ 7.)

Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 22, 2014**

UNITED STATES MAGISTRATE JUDGE