1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9          **EASTERN DISTRICT OF CALIFORNIA**

10

11   LARRY WILLIAM CORTINAS,              )   Case No.: 1:13-cv-01229-AWI-SAB (PC)
                                          )
12              Plaintiff,                )   ORDER REGARDING FINDINGS AND
                                          )   RECOMMENDATIONS ON DEFENDANTS'
13        v.                              )   MOTION FOR SUMMARY JUDGMENT
                                          )
14   CONNIE GIPSON, et al.,               )   ORDER REFERRING MATTER BACK TO
                                          )   MAGISTRATE JUDGE FOR FURTHER
15              Defendants.               )   PROCEEDINGS
                                          )
16   _____     )   [ECF Nos. 28, 45, 51]

17          Plaintiff Larry William Cortinas is appearing pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.

19          On October 22, 2014, the Magistrate Judge issued Findings and Recommendations

20   recommending that Defendants' motion for summary judgment relating to exhaustion of the

21   administrative remedies be granted.  The Findings and Recommendations contained notice that

22   objections were to be filed within thirty days.  Plaintiff filed objections on November 19, 2014. Those

23   objections again emphasized Plaintiff's factual allegation that the purported cancellation of his

24   administrative appeal for failure to cooperate did not actually take place.

25          The Court has conducted a de novo review of Defendants' motion for summary judgment,

26   Plaintiff's opposition, Defendants' reply, and Plaintiff's objections, and finds that a disputed issue of

27   material fact exists, precluding summary judgment as to exhaustion.

28

                                                      1

Defendants move for summary judgment on the basis that Plaintiff failed to exhaust the administrative remedies because Plaintiff's inmate appeal number CSPC-5-12-1100 was rejected at the second level of review for lack of cooperation, namely, Plaintiff failed to participate in the interview process, and the appeal to the third level of review was cancelled and rejected.  (ECF Nos. 28, 45.)

However, in response, Plaintiff disputes this fact (by way of verified opposition) and contends that he did not refuse to be interviewed and indeed no one attempted to interview him relating to the appeal.  (ECF No. 39, Opp'n at pp 2-4; Ex. A.)[1] Defendants did not address Plaintiff's argument in their motion for summary judgment or reply to Plaintiff's opposition.  Consequently, a dispute remains as to whether Plaintiff's appeal was improperly screened and cancelled at the second level of review. See Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010) (administrative remedies are effectively unavailable where an inmate attempts to exhaust his administrative remedies but is "thwarted by improper screening."); see also Albino v. Baca, 747 F.3d 1162, 1166, 1176 (2014) ("Failure to exhaust under the PLRA is 'an affirmative defense the defendant must plead and prove.'") (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).  Because a disputed issue of fact exists as to exhaustion, the Court must deny Defendants' motion for summary judgment. Albino, 747 F.3d at 1169.

Accordingly, the matter shall be referred back to the Magistrate Judge for further proceedings on the issue of exhaustion in accordance with Albino. Albino, 747 F.3d at 1170-1171 ("If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue.") (citations omitted).

///

///

///

---

[1] Plaintiff further contends that he never received the letter dated July 30, 2012, informing him that his appeal was cancelled at the second level for failure to cooperate. (ECF No. 53 at pp. 29-30.) Plaintiff submitted evidence of another appeal where he claims to have purposely allowed to be cancelled for untimeliness to show the court the "mailed" stamp that in normally imprinted on those notices of cancellation. (Id. at p. 25-26.)

1    Based on the foregoing, IT IS HEREBY ORDERED that Defendants' motion for summary

2 judgment is DENIED. This matter is referred back to the Magistrate Judge for a determination on the

3 issue of exhaustion.

4

5 IT IS SO ORDERED.

6 Dated:   February 12, 2015

7                                    SENIOR  DISTRICT  JUDGE

3