**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>        Plaintiff,<br><br>        v.<br><br>M. PORTILLO, et al.,<br><br>        Defendants. | Case No.: 1:13-cv-01229-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR COURT ORDER DIRECTING ACTION BY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITAITON OFFICIALS<br><br>[ECF No. 62] |

Plaintiff Larry William Cortinas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is currently set for an evidentiary hearing on May 19, 2015, at 1:00 p.m. to address the issue of exhaustion of the administrative remedies. On March 24, 2015, the Court issued a writ of habeas corpus ad testificandum to transport Plaintiff to the Court for the May 19, 2015, hearing. (ECF No. 63.)

On March 23, 2015, Plaintiff filed a motion seeking a court order directing the California Department of Corrections and Rehabilitation (CDCR) to transport Plaintiff to this Court on May 19, 2015, along with his legal documents and materials. Plaintiff also requests that he not be transferred or relocated until after the Court proceedings on May 19, 2015, and he be allowed legal research for two hours each day between 5:00 and 9:00 p.m. and access to the Federal Rules of Civil Procedure. (ECF No. 62.)

**I.**

**DISCUSSION**

Plaintiff's present motion is speculative.  Plaintiff speculates that the transport and accommodations that CDCR will provide will be inadequate, but provides no reason why the Court should accept that speculation as fact.  If Plaintiff lacks sufficient legal materials when he is brought to Court on May 19, 2015, Plaintiff may inform the Court and seek relief at that time.  The Court otherwise cannot micromanage the transport, housing, and accommodations CDCR will provide to Plaintiff, and Plaintiff's motion requesting a court order for such relief must be denied.  As previously stated, the Court issued a writ of habeas corpus ad testificandum to transport Plaintiff to the Court for the May 19, 2015, hearing, and there is no evidence before the Court that such transport will not be performed in accordance with the Court's order.

As to Plaintiff's request for a court order granting him access to the law library at certain specified times, it must be denied.  Plaintiff's motion includes allegation and a request for a court order against a party who is not named in this action.  Although the CDCR is the employer of the defendants in this action, it is named a party in this action.  To the extent Plaintiff seeks injunctive relief against the CDCR, the Court is unable to issue an order against individuals who are not parties to an action pending before it.  See Zenith Radio Corp., v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  "A preliminary injunction … is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of right before judgment."  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).   A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. V. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc., v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

2

2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

In this instance, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  Plaintiff has provided no basis for this court to interfere with the prison's administration of its law library, and his request for injunctive relief should be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for a court order directing that he not be transferred or relocated until after the Court proceedings on May 19, 2015, and he be allowed legal research for two hours each day between 5:00 and 9:00 p.m. and access to the Federal Rules of Civil Procedure be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **March 26, 2015**

UNITED STATES MAGISTRATE JUDGE

4