UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>M. PORTILLO, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01229-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE ISSUANCE OF SUBPOENA DUCES TECUM<br><br>[ECF No. 70] |

　　　　Plaintiff Larry William Cortinas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　The case is currently set for an evidentiary hearing on May 26, 2015, to address the issuance of exhaustion of the administrative remedies. On March 27, 2015, the Court granted Plaintiff's request to conduct discovery on the limited issue of exhaustion of the administrative remedies. (ECF No. 67.)

　　　　Now pending before the Court is Plaintiff's motion for service of subpoena duces tecum by the United States marshal, filed April 1, 2015. (ECF No. 70.)

　　　　Pursuant to Federal Rule of Civil Procedure 45(a)(2)(c), a subpoena may direct a non-party to an action to produce documents or other tangible objects for inspection. Because Plaintiff is proceeding in forma pauperis, he is generally entitled to obtain service of a subpoena duces tecum by the United States Marshal. See 28 U.S.C. § 1915(d). However, the issuance of a subpoena duces tecum, particularly by the U.S. Marshal, is subject to limitations. As previously stated by this Court:

1

      Proper reliance on a subpoena duces tecum is limited by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claims or defense"); and considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for the costs of such discovery"), citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450 (S.D. Fla. 1984); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. Badman, 139 F.R.D. at 605. In addition, this court has generally required that a motion for issuance of a subpoena duces tecum be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. See, e.g., Davis v. Ramen, 2010 WL 1948560, at *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, at *1 (E.D. Cal. 2010).

Heilman v. Lyons, Civ. No. 09-2721, 2010 WL 5168871, at *1 (E.D. Cal. Dec. 13, 2010). Relevant evidence for purposes of discovery is information that is "reasonably calculated to lead to the discovery of admissible evidence," and it "need not be admissible at trial. See Fed. R. Civ. P. 26(b)(1). Furthermore, "[d]istrict courts have broad discretion in determining relevancy for discovery purposes." See Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005).

      In this instance, Plaintiff has not made a showing that the records he seeks are only obtainable through the identified third parties. Plaintiff requests documents from his CDC 114 file, video recording, and any and all pertinent documents relating to appeal number 5-12-01100. The Court will only grant a request for subpoena duces tecum if the documents sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents. Fed. R. Civ. P. 34. If Plaintiff wishes to make a request for the issuance of a records subpoenas, he may file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party.[1]

---

[1] If Defendants object to Plaintiff's document production requests, a motion to compel is the next required step for the Court to rule on the legal basis of the objection. If the Court rules that the documents are discoverable but Defendants do

1   Plaintiff's present motion is overly broad in that Plaintiff seeks documents by way of subpoena
2  duces tecum that have not yet been addressed in the context of a motion to compel, which is necessary
3  for the Court to determine whether the documents are discoverable and whether the issuance of the
4  subpoena duces tecum is appropriate.  Therefore, Plaintiff's motion for the issuance of a subpoena
5  duces tecum is DENIED, without prejudice.

7  IT IS SO ORDERED.

8  Dated:   **April 8, 2015**
9                                                                        UNITED STATES MAGISTRATE JUDGE

---

not have care, custody, and control of them, Plaintiff may then seek a records subpoena.  If the Court rules that the documents are not discoverable, the inquiry ends.

3