UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>  Plaintiff,<br><br>  v.<br><br>M. PORTILLO, et al.,<br><br>  Defendants. | Case No.: 1:13-cv-01229-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 19, 2015, ORDER DENYING REQUEST TO EXPAND EVIDENTIARY HEARING<br><br>[ECF No. 80] |

Plaintiff Larry William Cortinas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is presently set for an evidentiary hearing on May 13, 2015, at 2:00 p.m. to address the issue of exhaustion of the administrative remedies.

On April 20, 2015, Plaintiff filed "objections" to the Court's March 19, 2015, order denying his request to expand order setting an evidentiary hearing relating to the issue of exhaustion of the administrative remedies. (ECF No. 80.) The Court construes Plaintiff's "objections" as a motion for reconsideration.

Reconsideration motions are committed to the discretion of the trial court. Rodgers v. Watt, 711 F.2d 456, 460 (9th Cir. 1983); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield,

1

634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); see also Grimes v. City and County of San Francisco, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997); Green v. Baca, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 623 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3rd Cir.1992); Green, 219 F.R.D. at 489; see also Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008); Rathgaber v. Town of Oyster Bay, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); Surles v. Air France, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); Adolph Coors Co. v. Wallace, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

In the present motion, Plaintiff merely repeats the allegations set forth in his previous motion, which does not present a valid basis for reconsideration. In addition, to the extent Plaintiff is seeking discovery of certain documentation, he is again advised the Court granted his request to conduct discovery on the limited issue of exhaustion of the administrative remedies on March 27, 2015. (ECF No. 67.) Furthermore, as Plaintiff was advised in the Court's March 19, 2015, order, he may present

1  any evidence, subject to objection by Defendants, as to the two relevant issues framed by the Court to
2  be addressed and resolved at the evidentiary hearing. (ECF No. 61.)
3       Based on the foregoing, Plaintiff's motion for reconsideration of the Court's March 19, 2015,
4  order is DENIED.

6  IT IS SO ORDERED.

7  Dated:   **April 24, 2015**
8                                      UNITED STATES MAGISTRATE JUDGE