UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>    Plaintiff,<br><br>    v.<br><br>M. PORTILLO, et al.,<br><br>    Defendants. | Case No.: 1:13-cv-01229-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS FOR THE MAY 13, 2015, EVIDENTIARY HEARING<br><br>[ECF No. 82] |

Plaintiff Larry William Cortinas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This case is set for an evidentiary hearing on May 13, 2015 at 2:00 p.m. before the undersigned to address the issue of exhaustion of the administrative remedies.

On April 27, 2015, Plaintiff filed a motion for issuance of subpoenas for certain individuals to appear as witnesses at the May 13, 2015, evidentiary hearing. Pursuant to this Court's request, Defendant Fleur filed a reply on May 4, 2015, and Defendants A. Johnson, Moreno, S. Johnson, Portillo filed an opposition on May 7, 2015, in which Defendant Kerber joined. For the reasons explained below, Plaintiff's motion for issuance of subpoenas must be denied.

///

///

///

1

## I.

## DISCUSSION

If a potential witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. Id. For an unincarcerated witness, the daily witness fee is $40 plus the witness's travel expenses. 28 U.S.C. § 1821.

In this instance, Plaintiff requests the issuance of subpoenas for Sergeant D.B. Hernandez, Former Warden Connie Gipson, and J.D. Lozano, to appear at the May 13, 2015, evidentiary hearing. Thus, in order for Plaintiff to obtain the attendance of these witnesses, Plaintiff is required to tender the witness fees, plus travel expenses. The Court cannot issue and order service of a subpoena on an unincarcerated witness by the United States marshal unless the money is tendered to the Court. This is true even in instances, such as here, where Plaintiff is proceeding in forma pauperis.

Notwithstanding Plaintiff's failure to submit the witness fees, Defendants submit that Sergeant Hernandez will be present at the May 13, 2015, evidentiary hearing as a witness, and any subpoena is unnecessary.

As to former Warden Connie Gipson, who Plaintiff claims was the warden at the time his appeal was processed and signed off as the reviewer of the appeal, Plaintiff does not provide any factual basis to determine that Gipson has relevant factual information relating to whether Plaintiff refused to participate in the appeal process. To this end, Sergeant Hernandez has direct personal knowledge as to whether Plaintiff refused to participate in the appeals process, and will be present at the hearing. Thus, there is an insufficient showing for issuance of a subpoena as to former Warden Connie Gipson.

With regard to Plaintiff's request to subpoena J.D. Lozano, identified by Plaintiff as "Chief of the Office of Appeals," Plaintiff contends his presence is necessary because he signed the rejection letter dated July 30, 2012, which notified Plaintiff his appeal had been rejected at the third level of review, due to his lack of cooperation at the second level of review. Defendants submit that they have subpoenaed R. Briggs, former Chief of the Office of Appeals, to appear at the hearing. Defendants further submit that "Captain Briggs has reviewed all documentation and supporting information from

the Office of Appeals regarding Plaintiff's appeal and prepared and signed a declaration in support of Defendants' motion for summary judgment, as he was the Chief of the Office of Appeals at the time Defendants' motion was filed. [Mr. Briggs] can testify as to the process used at the Third Level of review, and will be able to address questions regarding the letter issued to Plaintiff on July 30, 2012, even though he did not sign the rejection letter." (Opp'n at 3:24-28; 4:1-2.) Based on Defendants' submission, any testimony by J.D. Lozano would be cumulative and incur unnecessary expenses to the Department of Corrections to have two former Chiefs of the Office of Appeals appear and testify at the evidentiary hearing, when both are equally adequate the address the appeals process relevant to March 2012. Accordingly, Plaintiff's request for a subpoena as to J.D. Lozano must be denied.

## II.
## ORDER

Based on the foregoing, Plaintiff's motion for issuance of subpoenas is DENIED.

IT IS SO ORDERED.

Dated: **May 7, 2015**

UNITED STATES MAGISTRATE JUDGE