1

2

3

4

5

6

7

8                              **UNITED STATES DISTRICT COURT**

9                              **EASTERN DISTRICT OF CALIFORNIA**

10

11    LARRY WILLIAM CORTINAS,                )    Case No.: 1:13-cv-01229-AWI-SAB (PC)
                                             )
12                      Plaintiff,           )
                                             )    FINDINGS AND RECOMMENDATION
13              v.                           )    FOLLOWING EVIDENTIARY HEARING
                                             )    AS TO EXHAUSTION OF ADMINISTRATIVE
14    M. PORTILLO, et al.,                   )    REMEDIES
                                             )
15                      Defendants.          )
                                             )
16    _____ )

17            Plaintiff Larry William Cortinas is appearing pro se and in forma pauperis in this civil rights

18    action pursuant to 42 U.S.C. § 1983.

19                                              **I.**

20                                 **PROCEDURAL HISTORY**

21            This action is proceeding against Defendant Portillo for excessive force, and against

22    Defendants S. Johnson, La Fleur, Moreno, Kerber, and A. Johnson for failure to protect and intervene

23    in violation of the Eighth Amendment.[1]

24            On August 8, 2014, Defendants S. Johnson, A. Johnson, Moreno, and Portillo filed a motion

25    for summary judgment based on Plaintiff's failure to exhaust the administrative remedies.

26            Plaintiff filed an opposition to Defendants' motion on September 17, 2014.

27    _____

28    [1] Defendant La Fleur was named incorrectly as Fleur by Plaintiff in his complaint.

                                                 1

1    On October 2, 2014, Defendant Kerber joined in Defendants' motion for summary judgment

2    filed August 8, 2014, and filed a separate notice pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir.

3    1998), statement of facts, memorandum of points and authorities, and request for judicial notice.

4    (ECF Nos. 44, 45, 46.)

5    On October 8, 2014, Defendant La Fleur joined in Defendants' motion for summary judgment

6    filed August 8, 2014.

7    On October 8, 2014, Defendants A. Johnson, S. Johnson, Moreno, and Portillo filed a reply to

8    Plaintiff's opposition.  (ECF No. 49.)

9    On October 17, 2014, Defendant Kerber joined in Defendants' reply field October 8, 2014.

10   (ECF No. 50.)

11   On October 22, 2014, the undersigned issued a Findings and Recommendation to grant

12   Defendants' motion for summary judgment.  (ECF No. 51.)

13   On February 13, 2015, Judge Ishii denied Defendants' motion for summary judgment finding

14   that a disputed issue of facts exists, and the matter was referred back to the undersigned for a

15   determination on the issue of exhaustion.  (ECF No. 54.)

16   In <u>Albino v. Baca</u>, 747 F.3d 1162, 1170-1171 (9th Cir. 2014), the Ninth Circuit held that "[i]f a

17   motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be

18   decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions

19   relevant to jurisdiction and venue.") (citations omitted).

20   On March 4, 2015, the Court issued an order setting the matter for an evidentiary hearing on

21   the issue of exhaustion of the administrative remedies, and the Court limited the issues to: (1) whether

22   Plaintiff's inmate appeal number CSPC-5-12-1100 was improperly rejected at the second level of

23   review for Plaintiff's failure to participate in the interview process; and (2) if improperly rejected,

24   whether Plaintiff received the letter dated July 30, 2012, informing him that his appeal was cancelled

25   at the second level of review for failure to cooperate.  (ECF No. 57.)

26   On May 13, 2015, the Court held the evidentiary hearing, and Deputy Attorney General,

27   Monica Anderson, appeared for Defendants A. Johnson, Portillo, S. Johnson, and Moreno, Thomas

28   Feher appeared on behalf of Defendant Anthony Kerber, and Daniel Meagher appeared by video

conference on behalf of Defendant Nadine La Fleur, and Plaintiff appeared in person pro se.  At the hearing, the Court heard testimony by witnesses and took evidence in relation to the two issues outlined above.

On May 15, 2015, Defendants A. Johnson, Portillo, S. Johnson, and Moreno submitted the declaration of T. Campbell in support of their evidence presented at the May 13, 2015, evidentiary hearing.  (ECF No. 95.)

Following the evidentiary hearing and upon permission by the Court, Defendant Kerber filed a brief on May 29, 2015, Plaintiff filed a brief on June 8, 2015, and Defendants A. Johnson, Portillo, S. Johnson, and Moreno filed a brief on June 15, 2015.  (ECF Nos. 99, 100, 101.)

The matter is now submitted to the Court for issuance of Findings and Recommendations as to whether Plaintiff exhausted the available administrative remedies as to the claims presented in this action.

## II.

## DISCUSSION

### A.    Legal Standard for Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies is subject to a motion for

1    summary judgment in which the Court may look beyond the pleadings.  Albino, 747 F.3d at 1170.  If

2    the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without

3    prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

4        The California Department of Corrections and Rehabilitation (CDCR) has an administrative

5    grievance system for prisoners to appeal any departmental decision, action, condition, or policy having

6    an adverse effect on prisoners' welfare.  Cal. Code Regs. tit. 15, § 3084.1.  Prior to 2011, the process

7    was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15,

8    § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or

9    of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).  Up to four levels of appeal

10   may be involved, including the informal level, first formal level, second formal level, and third formal

11   level, also known as the Director's Level.  Tit. 15, § 3084.5.  In order to satisfy section 1997e(a),

12   California state prisoners are required to use this process to exhaust their claims prior to filing suit.

13   Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney, 311 F.3d at 1199-1201.  On January 28,

14   2011, the inmate appeals process was modified and limited to three level of review with provisions

15   allowing the first level to be bypassed under specific circumstances.  Cal. Code Regs. tit. 15, § 3084.7.

16       A prisoner may be excused from complying with the PLRA's exhaustion requirement if he

17   establishes that the existing administrative remedies were effectively unavailable to him.  See Albino,

18   747 F.3d at 1172-1173.  When an inmate's administrative grievance is improperly rejected on

19   procedural grounds, exhaustion may be excused as effectively unavailable.  Sapp v. Kimbrell, 623

20   F.3d 813, 823 (9th Cir. 2010).

21       **B.      Allegations of Complaint**

22       On January 25, 2012, at approximately 10:30 a.m., in the classification committee room,

23   Plaintiff was in full restraints and prone on the floor securely held by Sergeant Johnson and officers

24   Kerber.  Officer Portillo lifted Plaintiff's head by his hair and beard, then kneed him in the left

25   shoulder area.  Plaintiff was bound and smashed in the left side of his face into the floor.  Plaintiff lost

26   count after the third time.  As a result of the force, Plaintiff suffered a black eye, a cut above his eye,

27   ringing in his ears for two days, and dizziness.  Plaintiff was punched in his lower back and upper legs

28   and his knees were grinded into the floor, resulting in skin removal, blood and scars.  This action

4

occurred while Deputy Warden S. Johnson looked Plaintiff in the eyes.  Mental health nurse La Fleur, Moreno, Kerber, and A. Johnson all witnessed the event.  Plaintiff was placed in a holding cell in full restraints by officers Portillo and Kerber, where he remained for five hours.  Officer Portillo called Plaintiff a Muslim piece of shit as he pounded his head into the floor.

**B.    Analysis and Findings on Exhaustion of Administrative Remedies**

As previously stated, the Court conducted an evidentiary hearing on May 13, 2015, to determine whether: 1) Plaintiff's inmate appeal number CSPC-5-12-1100 was improperly rejected at the second level of review for Plaintiff's failure to participate in the interview process; and (2) if improperly rejected, Plaintiff received the letter dated July 30, 2012, informing him that his appeal was cancelled at the second level of review for failure to cooperate.

At the evidentiary hearing, exhibits were admitted and the following witnesses testified: David Hernandez, Tammy Campbell, Robert Briggs, and Plaintiff.

1.    <u>Improper Rejection of Appeal Number CSPC-5-12-1100 for Plaintiff's Failure to Participate in Interview</u>

At summary judgment, Defendants submitted evidence that California State Prison – Corcoran Appeals Coordinator received Plaintiff's appeal describing the incident on March 28, 2012, and assigned it CSPC-5-12-01100.  (Declaration of A. Goree (Goree Decl.), at ¶ 5, ECF No. 28-4).  The first level of review was bypassed.  (<u>Id.</u> at ¶ 6.)  D.B. Hernandez attempted to interview Plaintiff about his appeal on March 26, 2012, but Plaintiff refused to exit his cell to be interviewed.  (<u>Id.</u>)  Plaintiff's appeal was thereafter cancelled at the second level of review under California Code of Regulations, Title 15, Section 3084.6(c)(8).  Plaintiff then appealed to the third level of review.  (Declaration of R. Briggs (Briggs Decl.)., at ¶¶ 6, 7, 8, ECF No. 28-3.)  Plaintiff's appeal was rejected at the third level of review because he failed to properly complete the lower levels of review.  (<u>Id.</u>)

Officer David Hernandez testified at the evidentiary hearing that on March 26, 2012, Hernandez went to Plaintiff's housing unit to interview Plaintiff, and asked one of the housing unit officers (who was not be identified by Hernandez) to bring Plaintiff into a designated area in the unit for the interview.  (RT 45:14-17.)  In SHU facilities (where Plaintiff was housed), as opposed to the general population, an investigating officer would not interview the inmate at his cell because it could

create security concerns.  (RT 41:4-43; 45:9-17; 58:19-20.)  The officer returned and told Hernandez that Plaintiff refused to exit his cell to be interviewed.  (RT 46:3-6.)  Later that same day, Hernandez noted in Plaintiff's Inmate Segregation Record (CDCR Form 114-A-which is a daily record of everything the inmate does on a given day) that Plaintiff refused to submit to an interview on March 26, 2012.  (RT 39:25-40:2; 47:1-49:8.)

Plaintiff testified that on March 26, 2012, he was never asked to be interviewed and therefore never refused an interview in relation to this appeal.  (RT 161:8-10.)

Defendants have not presented sufficient evidence to meet their burden of proof that Plaintiff refused to be interviewed on March 26, 2012.  Based on the testimony by David Hernandez, he did not personally attempt to interview Plaintiff March 26, 2012, nor did he personally watch another officer request Plaintiff to be interviewed on March 26, 2012.  Thus, David Hernandez has no first-hand knowledge of whether Plaintiff was indeed asked to be interviewed on March 26, 2012, and refused to do so.  Accordingly, the evidence submitted by Defendants at the evidentiary hearing does not met their burden of proof in demonstrating that Plaintiff refused to be interviewed on March 26, 2012. This does not end the analysis as the Court must still make the second factual determination as to whether Plaintiff received the July 30, 2012, letter and took adequate responses thereafter to exhaust the administrative remedies.

    2.    Receipt of July 30, 2012 Letter

At summary judgment, it was established that Plaintiff's appeal, Log Number CSPC-5-12-1100 (Inmate Appeal Board (IAB) No. 1113601), was initially accepted at the third level of review, but it was subsequently rejected because Plaintiff refused to participate in an interview at the second level of review and the appeal was cancelled.  (Declaration of D. Foston (Foston Decl.), at ¶ 3, ECF No. 49-1.) Defendants contend that Plaintiff was notified in writing on July 30, 2012, that the appeal had been rejected.  (Id. at ¶ 4.)  However, Plaintiff denies having ever received the July 20, 2012, rejection letter.

Plaintiff's appeal log number 12-01100/1113601 was originally accepted in error, but once it was determined that the appeal had been cancelled at the second level of review, the appeals examiner

sent it back to the screener to send back to Plaintiff, informing him that the appeal was rejected and that Plaintiff had to complete the second level of review.  (RT 117:3-13.)

Defendants submitted Exhibit C-8 which they contend is a true copy of the appeal log number 12-01100, as maintained by the Office of Appeals, Third Level of Review.  (RT 118:8-13.)  Section G of the appeal maintained by the Office of Appeals' database is blank.  (RT 118:8-10; see also Defs.' Ex. C-8.)  However, Defendants submit that the version of the appeal log 12-01100 that Plaintiff submitted with his opposition to Defendants' motion for summary judgment is not the version that exists in the Office of Appeals' database.  (RT 122:13-18; 123:12-13; contrast ECF No. 39, Pl.'s Opp'n Ex. A.)  Defendants submitted that Plaintiff's version is not in any official CDCR records.  (RT 134:4-5.)

Plaintiff's version of appeal log number 12-01100, section G has checked marked "Accepted at the Third Level of Review" and "Denied."  It also states "See attached Third Level Response."  (ECF No. 39, Pl.'s Opp'n Ex. A.)  This is referring to the decision letter which, in this case, was the July 30, 2012 letter.  (Defs.' Ex. C-8.)   Plaintiff admits that he received the 602 inmate appeal form which states in Section G "See attached Third Level of Review."   (ECF No. 39, Pl.'s Opp'n Ex. A.)

Defendants submitted into the evidence the letter dated July 30, 2012, authored by the Chief of CDCR's Office of Appeals and addressed to Plaintiff.  (Defs.' Ex. C-9.)  The letter advised Plaintiff that his appeal to the third level was rejected pursuant to Title 15, section 3084.6(b)(15) because he had inappropriately bypassed a required lower level of review.  (Id.)  It further stated that the appeal at the second level of review had been cancelled due to lack of cooperation, and pursuant to Title 15, section 3084.6(e), he could not resubmit the cancelled appeal, but could submit a separate appeal on the cancellation decision.  (Id.)   In addition, the letter stated the original appeal may only be resubmitted if the appeal on the cancelation is granted.  (Id.)

///

///

///

///

///

7

Although Plaintiff contends that he never received the July 30, 2012, letter, the evidence presented contradicts such claim, and Plaintiff's contention to the contrary is not credible.[2]  Captain Robert Briggs testified that the signed letter is in the CDCR's records and that, according to the custom and practice of the Appeals Office, a signed decision letter is placed in the mail on the same day that it is dated and every time that a 602 appeal is sent back to an inmate, it is accompanied by a decision letter.  Briggs testified that the July 30, 2012, letter went out to Plaintiff on July 30, 2012.  Because an inmate receives his original appeal back with the third level decision, and because Plaintiff received his original appeal back, he would logically have also received the July 30, 2012, letter.  (RT 153:20-154:2.)  As further support, Defendants also submitted Exhibit I which is the Office of Appeals statistics sheet which shows how the appeal that is the subject of this action was handled.  The comments reflect that the appeal was accepted in error as it was cancelled at the second level of review.  (RT 125:1-3.)

Plaintiff's credibility is undermined by the fact that Plaintiff filed 18 appeals to the third level of review, prior to the filing of appeal log number 12-01100/1113601.  (RT 113:17-21; Defs.' Ex. E-1.)  And, prior to appeal log number 12-01100, Plaintiff received 18 decision letters from the third level attached to his original appeals.  (RT 155:6-9; Defs.' Ex. E-1.)  Every time a decision is rendered at the third level of review, a decision letter is sent out to the inmate regardless of whether the appeal was cancelled.  (RT 121:1-20.)  The decision letter informs the inmate that under California Code of Regulations, Title 15, section 3084.6(e), once an appeal has been cancelled, the appeal may not be resubmitted but a separate appeal can be filed on the cancellation decision.  (RT 119:19-25.)  This language appears at the bottom of every rejection and cancellation letter sent to an inmate, and would have been included on screenout letters Plaintiff received prior to appeal log number 12-01100.  (RT

---

[2] As previously stated, in Albino the Ninth Circuit held that "[i]f a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue.  See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 188-190 (1936) (subject-matter jurisdiction); Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1139-1140 (9th Cir. 2004) (venue); Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir. 1987) (personal jurisdiction)."  Albino, 747 F.3d at 1170-1171.  In McNutt, the Court indicated it may "inquire into the facts as they really exist."  McNutt, 298 U.S. at 184.  In Lake, the Court stated it "has the discretion to evidence at a preliminary hearing in order to resolve any questions of credibility or fact."  Lake, 817 F.2d at 1420.

120:3-13.)  And, based on the fact that Plaintiff had two prior appeals from January 14, 2011, screened out, Plaintiff had notice of the language contained in the rejection and cancellation letters produced by the third level of review.  (RT 121:6-8; Defs' Ex. E-2 (IAB log numbers 1012209 & 1012210); see also ECF No. 95, Declaration of Tammy Smith, Exs. A & B.)  On cross-examination, Plaintiff admitted that he filed appeals prior to log number 12-01100, but he could not recall whether any of the prior appeals had been cancelled, despite the inmate appeal tracking system printouts containing such information.[3]  (RT 162:6-10.)

Given that Plaintiff admits he received the March 28, 2012, memorandum which clearly stated that the appeal was cancelled and the third level review appeal that he received back referenced "see attached letter" (which was the July 30, 2012, letter), coupled with the fact that Plaintiff had previously filed 18 appeals to the third level of review, it is simply not credible that Plaintiff did not receive the July 30, 2012, letter which based on custom and practice accompanies the appeal denial (of which Plaintiff received).  Accordingly, based on the documentary evidence and testimony provided at the evidentiary hearing, the Court finds that Plaintiff's claim that he did not receive the July 30, 2012, letter is not credible.  It is simply inconsistent for Plaintiff to claim, on the one hand, that he received a "denial" by the third level of review, with clearly noted "see attached letter," but yet he never actually received such letter (or requested such letter) and therefore was not aware of the necessity to appeal the cancellation decision itself.  In light of the record presented to the Court, Plaintiff failed to exhaust the administrative remedies after receipt of the July 30, 2012, letter which necessitated appeal of the cancellation decision, which Plaintiff did not do.  See Cal. Code Regs tit. 15, § 3084.1((b) (a cancellation decision does not exhaust administrative remedies); see also Cal. Code Regs. tit. 15, §§ 3084.6(a)(3), 3084.6(e) (inmate can appeal cancellation decision separately by appealing the application of § 3084.6(c), and if he prevails on the separate appeal, the cancelled appeal later can be considered at the discretion of the appeals coordinator or the third level appeals chief.)

///

///

---

[3] Plaintiff attributed his lack of memory, at least in part, to taking psychotropic medication, and stated "that period of my life is sketchy."  (RT 163:12.)

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that this action be DISMISSED, without prejudice, for Plaintiff's failure to exhaust the administrative remedies as to the claims presented in this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **August 13, 2015**

UNITED STATES MAGISTRATE JUDGE